IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:10-CV-14-BO

| | |
|---|---|
| PERCY L. TAYLOR, JR. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER )<br>OF SOCIAL SECURITY )<br>)<br>)<br>Defendant. )<br>_____) | O R D E R |

This matter is before the Court on Plaintiff and Defendant's Motions for Judgments on the Pleadings. Plaintiff's Motion for Judgment on the Pleadings is GRANTED and Defendant's Motion for Judgment on the Pleadings is DENIED. The Court remands to the Administrative Law Judge for a new evidentiary hearing.

## BACKGROUND

Plaintiff applied for disability benefits on September 4, 2004. He is a high school graduate and has worked as an assembler, car porter, janitor, machine operator, order picker and shirt packer. (Tr. 107, 103). He is currently 52 years old.

Plaintiff has hypertension, diabetes mellitus, blindness in his right eye, and decreasing vision in his left eye due to early cataracts. His vision was 20/25 in his left eye on May 4, 2006, but it had decreased to 20/30 as of October 25, 2007. (Tr. 158, 245). Plaintiff testified that his

1

blood pressure would go up and down in spite of his medication and that his blood sugar would increase and blur his left eye vision on a daily basis. Plaintiff stated that daily dizziness also forces him to lie down. Although Plaintiff can walk around the block, he has to lie down and sleep afterward. (Tr. 19).

Plaintiff's application was denied initially and on reconsideration. Plaintiff appeared before Administrative Law Judge Larry A. Miller in a video hearing on November 1, 2007, and the ALJ denied benefits on February 27, 2008. Although the ALJ found that Plaintiff was not currently employed and suffered from severe impairments, the AJL found his impairments did not meet a statutory listing and that Plaintiff had residual functional capacity to perform light work:

> The Plaintiff can stand and walk 6 hours in an 8 hour workday, and sit 6 hours in an 8 hour workday. He has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, push and pull 20 pounds occasionally and 10 pounds frequently, Plaintiff was assessed with the following limitations: occasional balancing, no climbing, frequent stooping, crouching, kneeling and crawling and no working at heights or around dangerous machinery. Due to the Plaintiff's vision, he is limited to jobs that require no depth perception.

(Tr. 21).

The ALJ primarily based this decision on his finding that Plaintiff lacked credibility: "Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but [] the Plaintiff's statements concerning the intensify, persistence, and limiting effects of those systems were not entirely credible." (Tr. 20). In support of this finding, the ALJ cited lack of medical testimony, infrequent trips to the doctor, and medical noncompliance.

The Appeals Council denied the Plaintiff's request for review on December 18, 2009. This Court held a hearing on this matter on October 8, 2010.

## DISCUSSION

The Court concludes that the Administrative Law Judge in this case erred as his conclusions were not supported by substantial evidence.

### Standard of Review

In reviewing a final decision of no disability by the Social Security Administration Commissioner, the Court must determine whether the Commissioner's decision is supported by substantial evidence under 42 U.S.C. § 405(g), and whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law.

### Disability Test

The Social Security disability analysis follows five steps. An ALJ must consider (1) whether the Plaintiff is engaged in substantial gainful activity, (2) whether the Plaintiff has a severe impairment, (3) whether the Plaintiff has an impairment that meets or equals a condition contained within the Social Security Administration's official list of impairments, (4) whether the Plaintiff has an impairment which prevents past relevant work, and (5) whether the Plaintiff's impairment prevents the performance of any substantial gainful employment. 20 C.F.R.§§ 404.1520, 1520a.

The plaintiff bears the burden for steps one, two, three, and four, while the Defendant shoulders the burden for step five. If the Plaintiff shows by a preponderance of evidence that he has a statutory impairment under step three, he is conclusively presumed to have a disability and the analysis ends. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Alternatively, if the plaintiff fails to prevail under step three, she can still show she has an impairment that prevents her from

3

continuing past work under step four. If so, the burden shifts to the Defendant to establish that the plaintiff is able to perform another job available in the national economy under step five. Id. at n. 5.

When the ALJ make credibility determinations regarding the Plaintiff's testimony, SSR 96-7p states:

> It is not sufficient for the adjudicator to make a single, conclusionary statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

Furthermore, for a vocational expert's (VE) opinion to support an ALJ's finding under step five, it must be in response to proper hypothetical questions that fairly set out all of Plaintiff's impairments. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989).

Here, it is not disputed that Plaintiff has severe impairments and cannot perform his past work. It is thus the Government's burden to show that the Plaintiff has residual capacity to perform work available in the national economy. The ALJ primarily based his conclusion that the Plaintiff could perform light work on his finding that the Plaintiff exaggerated his symptoms and on the VE's response to his hypothetical. However, the ALJ did not adequately explain his finding that the Plaintiff lacked credibility. Neither did the ALJ include all the Plaintiff's impairments in the hypothetical.

In support of his finding that the Plaintiff exaggerated his symptoms, the ALJ only stated that "the record does not contain opinions from treating or examining physicians indicating that

4

the Plaintiff was disabled or even has limitations greater than those determined by this decision. The records reveals relatively infrequent trips to the doctor for the allegedly disabling symptoms. There was also an issue of noncompliance." These conclusions are not supported by the record. First, the report that the ALJ received after the hearing from the undersigned ophthalmologist showed the Plaintiff had deceasing vision due to early cataracts and that the physician found the patient's statements reliable. (Tr. 245). Second, the ALJ does not seem to consider that the Plaintiff's financial difficulties affected the frequency of his doctor visits. Third, it is unclear what "noncompliance" the ALJ refers to, as he only vaguely refers to exhibit 8F, which is over 20 pages long and does not mention any noncompliance. Finally, the ALJ's assessment of credibility was no doubt hindered by viewing the Plaintiff's testimony by video instead of in person.

Additionally, the ALJ did not fully describe the Plaintiff's impairments in his hypothetical to the VE. Specifically, he did not include the Plaintiff's decreasing vision in his good eye. The Government admits this was because the ALJ did not yet have doctor's report of cataracts at the hearing. The ALJ also failed to mention Plaintiff's frequent need to urinate, daily dizziness, and frequent fatigue from his diabetes complications. Thus, the VE's opinion that the Plaintiff could perform light work as a cashier, cleaner, housekeeper, and office helper, was not reflective of all Plaintiffs' ailments. (Tr. 22).

## CONCLUSION

The Court concludes that the ALJ's conclusions in this case were not supported by substantial evidence. The Court remands to the ALJ to consider the effect of Plaintiff's diabetes

complications and increasing vision difficulties in his left eye on his ability to work and eligibility for disability benefits.

SO ORDERED, this 20 day of October, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE